THE INHABITANTS OF THE PARISH OF NEW ORLEANS *v.* CHARLES F. HOZEY, late Sheriff, and others.

Whoever may be aggrieved by the official misconduct of a sheriff, has a direct action against each and every one of the sureties on his official bond, and is entitled to recover such an amount as will indemnify him, and no more ; nor can such sureties be compelled to pay into court, the amounts for which they may be ultimately made liable.

APPEAL from the Commercial Court of New Orleans, *Watts*, J.

BULLARD, J. The petition of the Inhabitants of the parish of New Orleans, represented by the Police Jury, suing for themselves and such of the official creditors of Hozey, the late sheriff, as may join in the prosecution of this suit, represents, that the Police Jury placed in the hands of Hozey, while acting as sheriff, certain tax accounts, to be by him collected, and the amount thereof to be paid over to the Parish Treasurer according to law, to wit, for the parish taxes ending 10th April, 1839, amounting together to $23,181 55, deducting the sum of $4578 25 already paid over at different times.

The petitioners further say, that the clerk of the Parish Court transmitted to Hozey, while acting as sheriff, lists of fines imposed on persons summoned to attend said court, amounting together to $1485, which were to be recovered by Hozey, and to be paid over to the Parish Treasurer. That the clerks of different courts in New Orleans transmitted to Hozey, certain lists of taxes on suits to be recovered by him, and the amount to be paid over. It is alleged that the amount yet due from Hozey is upwards of $43,000.

They further allege, that Hozey was appointed sheriff, and, on the 30th of March, 1839, gave bond with Peters, Lockett, Kendig, Layton, Avery, Bach, Walton, and Louis Lallande Ferrière as sureties, the four former for the sum of $8000 each, and the four latter for $7000 each, making in all $60,000.

The petitioners represent that Hozey is insolvent, and that various suits have been instituted against him and his sureties, the parties to which are seeking to obtain a preference over the other official creditors of Hozey. They further allege, that an equitable distribution ought to be made between all the official creditors

JULY, 1842. 553'

The Inhabitants of New Orleans v. Hozey, late Sheriff, and others.

of whatever may be recovered from Hozey and his sureties. They, therefore, pray that a judicial sequestration may be issued against the property and claims of Hozey ; and that a sequestrator may be appointed to receive all the fees of office yet due to him, and to keep them until a distribution thereof to the official creditors shall be ordered. That all persons may be enjoined from paying to any one but the said sequestrator, any part of the fees due to Hozey. That the aforesaid sureties may be also enjoined from paying to any person but the said sequestrator, the whole, or any part of the amount secured by them ; and that the amount of said bond be distributed among all the official creditors of Hozey. That the sequestrator may be authorized to collect by suit, or otherwise, the fees of office due to Hozey ; and to institute suit against the sureties on said bond, for the benefit of all the official creditors. They further pray that the sureties may be made parties to the suit ; that they may be condemned to pay to the sequestrator the amounts for which they are sureties respectively, for the benefit of the creditors aforesaid. That Hozey may be decreed and condemned to pay the sum of $43,630 30, with interest thereon, at five per cent per annum, and the costs of suit ; and whatever amount may be due to other creditors of Hozey who may become parties to the suit.

The Judge of the Commercial Court, on the presentation of this petition, ordered the books and papers of the late sheriff, and all the fees of office due to him, to be sequestered, and all persons to be enjoined from paying to Hozey any fees due to him in his late capacity. He ordered Frederic Buisson to be appointed judicial sequestrator, with authority to receive and collect, by suit, or otherwise, all the fees of office due to Hozey. He further ordered the sequestrator to institute suits against the sureties of said sheriff on their bonds, to give notice, through the newspapers, to all the official creditors of Hozey, to present their claims within thirty days, and the official sureties of Hozey to be made parties to the suit. This court is not called upon to review the proceedings had, or the judgment pronounced in the court below, except so far as they concern the sureties of Hozey, who alone have appealed. The judgment as to the sureties was, that the plaintiffs recover from Peters, Lockett, Kendig, and Layton, the sum of

$8000 each, and the sum of $7000 each from Avery, Bach, Walton, and Ferrière ; and that the judgment rendered against any of the sureties be satisfied, by the making and bringing into court the sum for which judgment is given against said sureties in any of the suits against said Hozey, with costs.

This judgment appears to us to be clearly *ultra petitum.* The plaintiffs prayed that the sureties might be condemned to pay to the sequestrator the amount of the bond, for general distribution among the official creditors. The judgment gives to the plaintiffs the whole amount to cover arrearages of taxes, and fines, and taxes on suits, with which the late sheriff is charged, although the sureties were enjoined from paying to any other person than the judicial sequestrator. The liability of the sureties on the official bond of the sheriff, to pay arrearages of parish taxes, or State taxes, or taxes on suits, is by no means clear ; and the plaintiffs did not ask for judgment against them on that ground. On the contrary, they prayed that the sequestrator might be ordered to institute a suit upon the bond, which was accordingly ordered ; but instead of waiting for the sequestrator to sue as ordered, the plaintiffs take judgment against the sureties for the whole amount of the bond.

Whoever may be aggrieved by the official misconduct of a sheriff, has a direct action against each and every one of his sureties on his official bond ; and has a right to recover such an amount as will indemnify him, and no more. The idea that every person so complaining, however trivial the amount to which he may be in truth entitled, is authorized to recover the whole penalty of the bond from all the sureties, we have already said does not receive the sanction of this court ; nor can the sureties be compelled to pay into court the amount for which each may be ultimately made liable, for the reasons given in the case of *Dougherty and another v. Peters and others, Sureties of Hozey,* lately decided by this court (*ante* p. 534). In the present case, we are of opinion that the Police Jury has not shown, even if it had averred, its right to recover against the sureties.

It is, therefore, adjudged and decreed that the judgment of the Commercial Court, so far as it relates to the sureties, be reversed ;

.and that ours be for them, as in case of nonsuit, with costs in both courts.

*Morel* and *Eyma*, for the plaintiffs.

*Micou*, for the appellants.